IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-0044 |
| | : | |
| **ZACHARY YURICH,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                               JANUARY  10, 2023

Currently before the Court is a Complaint filed by Plaintiff Avery Miguel Perry, Sr., a regular litigant in this Court, which raises claims pursuant to 42 U.S.C. § 1983 against Assistant District Attorney Zachary Yurich for prosecuting Perry.  Perry seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Perry leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.        FACTUAL ALLEGATIONS**

The Complaint alleges that "[o]n or around February 2021," Perry was arrested and charged with simple assault in Chester County "based on fabricated circumstances that the witness testified were false, leading to the charge."  (Compl. at 3.)  Perry alleges that Yurich knew that there was "insufficient evidence to support the charge" and that Perry was "innocent," but that Yurich nevertheless "pursued the charge" against Perry and "caused [him] to be prosecuted."[1] (*Id.*)  As a result, Perry allegedly suffered from "emotional & mental distress and trauma, damage

---

[1] The Complaint does not indicate whether or how the criminal proceeding against Perry resolved.

to [his] reputation, financial harm, [and] false imprisonment amongst other malice acts." (*Id.* at 4.) He primarily seeks damages.[2] (Compl. at 4.)

## II.    STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense if the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Perry is proceeding *pro se*, the Court construes his

---

[2] Perry requests "equitable relief as the Court deems just and proper," but the only specific equitable relief he requests is "[a]ction to prevent and deter from further egregious violations of constitutional law and human rights." (Compl. at 4.) Perry lacks standing to pursue such relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (standing to pursue injunctive relief depends on whether plaintiff is "likely to suffer future injury"); *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997) ("To show irreparable harm, the party seeking injunctive relief must at least demonstrate that there exists some cognizable danger of recurrent violation of its legal rights." (internal quotations omitted)).

allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This immunity covers claims based on, among other things, soliciting false testimony at hearings and presenting evidence at trial. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Here, the entirety of Perry's claims against Yurich are based on Yurich's initiation and prosecution of a criminal charge against Perry. These are acts for which Yurich is entitled to absolute prosecutorial immunity, so Perry's Complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis*, and dismiss his Complaint. Perry will not be given leave to file an amended complaint because he cannot cure the defects in his claim. An Order follows, which dismisses this case.

*NITZA QUIÑONES ALEJANDRO, J.*